WEGWART, Appellant, vs. BENEDITZ, Respondent.

*April 3—April 17, 1908.*

*Judgment: Default: Setting aside.*

An order setting aside a judgment by default and permitting defendant to answer is *held* to have been within the discretion of the trial court under sec. 2832, Stats. (1898).

APPEAL from an order of the county court of Dodge county: J. A. BARNEY, Judge. *Affirmed.*

This is an appeal from an order setting aside a judgment and permitting the defendant to answer.

For the appellant there was a brief by *John G. Bachhuber,* and oral argument by *R. W. Lueck.*

Among other references upon the part of the appellant were the following: Sec. 2832, Stats. (1898) ; *Main v. McLaughlin,* 78 Wis. 449, 47 N. W. 938; *Jefferson Co. Bank v. Robbins,* 67 Wis. 68, 29 N. W. 209, 893; *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 194, 23 N. W. 109; *Pfister v. Smith,* 95 Wis. 51, 69 N. W. 984; *Kremer v. Sponholz,* 129 Wis. 549, 109 N. W. 527; *Dufur v. Home Inv. Co.* 122 Wis. 470, 100 N. W. 831.

*J. E. Malone,* for the respondent.

Among other references upon the part of the respondent were the following: *McElroy v. Minn. P. H. Co.* 109 Wis. 116, 85 N. W. 119; *Rogers v. Fate,* 113 Wis. 364, 89 N. W. 186; *Smith v. Milwaukee E. R. & L. Co.* 119 Wis. 336, 96 N. W. 823; *Brown v. Brown,* 53 Wis. 29, 9 N. W. 790; *Hansen v. Fish,* 27 Wis. 535; *Schluckebier v. Babcock,* 104 Wis. 293, 80 N. W. 435; *Seymour v. Chippewa Co.* 40 Wis. 62; *McLaren v. Kehlor,* 22 Wis. 297; *Kalckhoff v. Zoehrlaut,* 43 Wis. 373; *Farley v. C., M. & St. P. R. Co.* 89 Wis. 206, 61 N. W. 769; *Schillinger v. Verona,* 85 Wis. 589, 55 N. W. 1040; *Warner v. Michelstetter,* 77 Wis. 674, 47 N. W. 181; *Mullen v. Reinig,* 68 Wis. 408, 32 N. W. 293; *Evans v. Rugee,* 63 Wis. 31, 23 N. W. 24.

TIMLIN, J.    On March 14, 1907, the plaintiff recovered judgment against the defendant in an action for goods, wares, and merchandise sold and delivered, money loaned, and labor and services performed, in the sum of $1,802.60 damages and costs, upon a summons and verified complaint on January 17, 1907, duly served upon defendant. Defendant made no appearance before judgment. Immediately after judgment defendant moved to set aside said judgment and permit him to answer upon a proposed verified answer, an affidavit of merits, and upon his affidavit, in substance, that he was of foreign birth, understood and spoke the English language but imperfectly, that he had some dealings with the

plaintiff and owed the plaintiff some small amount, that after the service of the summons and complaint upon him and before default he sought the plaintiff's attorney and asked him what the plaintiff claimed, and was informed that plaintiff claimed payment for hay amounting to the sum of $80 or $90. For this reason principally the defendant neglected to appear and defend the case. The affidavit in the foregoing particular was denied by plaintiff's attorney.

Upon this showing the court saw fit to exercise its power under sec. 2832, Stats. (1898), and relieve the defendant from the judgment and permit him to answer. We consider the order within the discretion of the trial court, and affirm it.

*By the Court.*—The order is affirmed.